239 F.Supp. 523 (1965)
The PIANO AND MUSICAL INSTRUMENT WORKERS UNION, LOCAL NO. 2549 OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO, et al., Plaintiffs,
v.
W. W. KIMBALL COMPANY, Defendant.
No. 62 C 1750.
United States District Court N. D. Illinois, E. D.
March 18, 1965.
Bernard M. Mamet, Chicago, Ill., for plaintiffs.
Thomas R. Mulroy, Hopkins, Sutter, Owen, Mulroy & Wentz, Chicago, Ill., for defendant.
PARSONS, District Judge.
I have before me plaintiff's motion for the entry of an order requiring defendant to select an arbitrator and submit a dispute between the parties to arbitration.
On September 23, 1963, this District Court entered a judgment order pursuant to its memorandum opinion (reported at 221 F.Supp. 461) directing: "that defendant refer to arbitration its differences with plaintiff concerning the interpretation of application of their collective bargaining agreement dated October 1, 1960, in accordance with the procedure outlined in said agreement."
The Court of Appeals for the Seventh Circuit reversed the decision of the District Court (reported at 333 F.2d 761). On petition for writ of certiorari, the United States Supreme Court in a Per Curiam opinion (reported at 379 U.S. 357, 85 S.Ct. 441, 13 L.Ed.2d 541) stated: "The petition for a writ of certiorari is granted and the judgment is reversed. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, and John Wiley & Sones, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898."
In its judgment order, however, the Supreme Court remanded the case to the District Court "for further proceedings in conformity with (its) opinion * * *."
The parties presently differ over the nature of the order which the District Court should now enter pursuant to the mandate of the United States Supreme Court.
Plaintiff has submitted a proposed draft order which reads:
"that defendant select an arbitrator as required by Article VIII of its collective bargaining agreement with plaintiff dated October 1, 1960, within *524 ten days from the date of the entry of this order, and that the arbitrators selected by both parties meet within 30 days from the date of the entry of this order, unless the parties hereto agree on another date, in an attempt to resolve said parties' differences with respect to the recall, relocation, back pay, and other rights of defendant's laid off Melrose Park employees; It is further ordered that defendant comply with all of the requirements of Article VIII, the arbitration clause in said collective bargaining agreement."
It is plaintiff's position that the question of arbitrability, i. e., whether the dispute is, in fact, arbitrable, is a matter for the Court, not the arbitrator, to decide; that this Court has determined that the dispute involved in this case is arbitrable, and that the arbitrator's sole function is to arbitrate the dispute, and not to determine at the outset whether the dispute is arbitrable.
Defendant, on the other hand, contends that the parties first must submit to arbitration the question of whether an arbitrable issue is presented in this case, and only if that question is answered in the affirmative by the arbitrator should the parties proceed to arbitrate the merits of the dispute. And it is true that in my memorandum opinion of September 23, 1963, I stated (221 F.Supp. 461, at 465):
"[a]ccordingly, it is the opinion of the Court that the `difference' between the plaintiffs and the defendant concerning the hiring practices at the French Lick Plant arose from the interpretation and application of Articles III, VIII, and XI of the collective bargaining agreement and the same is arbitrable. It must be understood that this last determination and the reasoning in support thereof is mere dicta in the event this cause proceeds to arbitration immediately hereafter, for it is the opinion of the Court that the question of whether this particular difference is arbitrable also is subject to arbitration."
The Court of Appeals stated (333 F.2d 761, at 765):
"The district court determined that the question of arbitrability was for the arbitrator to decide. In so doing, it erred. Wiley v. Livingston, supra; Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); Brass & Copper Workers Federal Labor Union No. 19322, A.F.L.-C.I.O. v. American Brass Co., 7 Cir., 272 F. 2d 849, 853 (1959); cert. denied, 363 U.S. 845, 80 S.Ct. 1609, 4 L. Ed.2d 1728."
Defendant contends that this particular holding of the Seventh Circuit also was reversed by the Per Curiam decision of the Supreme Court. Defendant is mistaken.
It is clear from plaintiff Union's petition for writ of certiorari that the actual question presented to the Supreme Court was the following:
"Must not a court direct arbitration of the question of reemployment rights of employees under a collective bargaining agreement which provides for arbitration of any `difference' and which requires laid off employees to be reemployed within two years of layoff, where the company transferred the location of its plant, laid off and did not recall its employees, considered new job applicants at the relocated plant  all during the term of the contract  but did not resume actual production with the new employees at its new location until nine days following the contract's expiration."
And I must find that this was the only point decided by the Supreme Court, for Rule 23(c) of the Supreme Court Rules expressly provides: "[o]nly the questions set forth in the petition or fairly comprised therein will be considered by the court."
The question presented to the Supreme Court did not expressly include the question *525 of whether the court or the arbitrator is to determine the threshold question of arbitrability. Even if, inferentially, this question were presented, it would follow that the Supreme Court assumed that had Wiley been decided prior to my opinion of September 23, 1963, I would have expressed myself differently on the issue.
Indeed, the Wiley case, which was cited in the Per Curiam opinion, and which was decided subsequent to the September, 1963, decision of this Court, held squarely that the question of whether or not a particular dispute is arbitrable is for the courts, not the arbitrator, to determine. The Court stated in Wiley, 376 U.S. at 546-547, 84 S.Ct. at 912-913, 11 L.Ed.2d 898:
"Both parties urge that this question (of whether the particular dispute is arbitrable) is for the courts. Past cases leave no doubt that this is correct. `Under our decisions, whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the Court on the basis of the contract entered into by the parties.' Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 [82 S.Ct. 1318, 8 L.Ed.2d 462]. Accord, e. g., United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 [80 S.Ct. 1347, 4 L.Ed.2d 1409]. * * * The reason requiring the courts to determine the issue (of arbitrability) is (that) * * * (t)he duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty. Thus, just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all."
In citing the Wiley case in its Per Curiam opinion, it is clear that the Supreme Court did not intend to vitiate the holding of the Court of Appeals in this case in its reliance upon Wiley on the question of who determines arbitrability.
Indeed, the defendant, on Page 6 of its brief in opposition to the petition for writ of certiorari, conceded the correctness of the Court of Appeals on this point.
By stating that "a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create (the duty to arbitrate)", the Supreme Court unquestionably placed the responsibility for determining arbitrability solely in the District Court. This responsibility cannot be abdicated. Neither may it be re-determined by the arbitrator.
A determination by the Court that a dispute is arbitrable cannot be frustrated by a contrary determination of an arbitrator that the Court was in error. To permit an arbitrator thus to "second-guess" the Court, would seriously disrupt the proper allocation of function and responsibility between the Court and arbitrator as they were formulated in Wiley. If the mandate of Wiley is to have any meaning at all, it is inconceivable that the arbitrator should possess authority to dilute the Court's ruling by finding the dispute not arbitrable.
Other language in the Wiley opinion does not detract from this position. The Court did state that in those cases "in which arbitration goes forward, the arbitrator would ordinarily remain free to reconsider the ground covered by the court insofar as it bore on the merits of the dispute, using the flexible approaches familiar to arbitration." However, it is obvious from the context in which that statement is found, that the Court was referring to the freedom of the arbitrator to determine "procedural matters relating to arbitration", as opposed to "substantive arbitrability".
The paragraph from which the above quotation is taken begins as follows at 557, 84 S.Ct. at 918:
"Once it is determined, as we have, that the parties are obligated to submit *526 the subject matter of a dispute to arbitration, `procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator."
Thus, the arbitrator may review the Court's determination of "procedural" matters relating to arbitration, but may not review the determination that a dispute is arbitrable in the substantive sense. A comparison of footnotes 1 and 12 in Wiley so demonstrates.
My conclusion on the matter now before me is substantiated by the Supreme Court's order remanding the case to the District Court "for further proceedings in conformity with (its) opinion * *."
It is to be noted that more than three years have passed since defendant's plant has been shut down. Plaintiff has awaited defendant's exhaustion of the judicial process at all levels. Defendant has had its day in court. There can be no reason for further delay. Arbitration should proceed forthwith. I find that plaintiff's draft order is in accordance with the Supreme Court's decision in this case. Accordingly, it should be entered today as the judgment of this Court.
And it is so ordered.